01
02
03
04
05

06                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
07                                AT SEATTLE

08  MICHAEL A. JACKSON,              )   CASE NO. C08-0685-RAJ
                                     )
09        Plaintiff,                 )
                                     )
10        v.                         )   REPORT AND
                                     )   RECOMMENDATIONS
11  JULIE A. SPECTOR, et al.,        )
                                     )
12        Defendants.                )
                                     )

13

14      Plaintiff, proceeding *pro se*, filed a proposed civil rights complaint under 42 U.S.C. § 1983.

15  (Dkt. 1.)   He names King County Superior Court Judge Julie A. Spector, King County

16  Prosecuting Attorney Cindi S. Port, and defense attorney Terri A. Pollock as defendants. Plaintiff

17  alleges a violation of his constitutional rights associated with a plea he entered in July 2005 and

18  seeks release from his confinement. Plaintiff also presented an application to proceed *in forma*

19  *pauperis* (IFP). (Dkt. 4.) However, as discussed below, the Court recommends that plaintiff's

20  application to proceed IFP be denied and this action dismissed without prejudice pursuant to 28

21  U.S.C. § 1915(e)(2)(B) based upon plaintiff's failure to adequately allege a cause of action under

22  § 1983.

REPORT AND RECOMMENDATIONS
PAGE -1

01        When a prisoner challenges the fact or duration of his confinement, his sole federal remedy

02 is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411

03 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Further, a civil

04 rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would

05 necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

06 dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

07 invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As more recently stated by the

08 United States Supreme Court: "[A] state prisoner's § 1983 action is barred (absent prior

09 invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the

10 prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in

11 that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*

12 *v. Dotson*, 544 U.S. 74, 81-82 (2005).

13        In this case, plaintiff presents a challenge to the fact and duration of his confinement and

14 a finding in his favor and award of the relief sought would necessarily demonstrate its invalidity.

15 He makes no allegation or showing that his confinement has been invalidated or impugned in any

16 respect. Accordingly, plaintiff's claims are not cognizable under § 1983.[1]

17        A district court should not convert a defective § 1983 claim into a petition for a writ of

18 habeas corpus unless it is clear that the plaintiff intends to bring a habeas petition. *Trimble v. City*

19 *of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Instead, the district court should dismiss the

20 § 1983 claims without prejudice. *Id.* Therefore, the Court recommends that plaintiff's application

21

22     [1] Because plaintiff's claims are not cognizable for the reason described above, the Court declines to address other deficiencies in plaintiff's proposed complaint as to named defendants.

REPORT AND RECOMMENDATIONS
PAGE -2

01 to proceed IFP be denied and his § 1983 action be dismissed without prejudice. pursuant to §

02 1915(e)(2)(B).  A proposed order accompanies this Report and Recommendation.

03     DATED this <u>13th</u> day of May, 2008.

                                               /s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATIONS
PAGE -3